UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMAAL HUSBAND,

    Petitioner,

    v.                                      CAUSE NO. 3:19-CV-745-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Jamaal Husband, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (MCF-18-10-221) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of threatening in violation of Indiana Department of Correction Offense 213 and sanctioned him with a loss of sixty days earned credit time and a demotion in credit class

Mr. Husband argues that he is entitled to habeas relief because the hearing officer didn't have sufficient evidence to support a finding of guilt. He says that the hearing officer didn't consider the statement from another inmate that he had committed the threatening offense.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer said that Mr. Husband threatened to assault staff if they didn't meet his demands regarding internet access. It includes a statement from another correctional officer corroborating the conduct report. It also includes a statement from Anthony Taylor, another inmate, that he had made the threats posing as Mr. Husband. The correctional officers' statements constitute some evidence that Mr. Husband engaged in threatening behavior, and the hearing officer wasn't required to credit Mr. Taylor's account. The claim that the hearing officer didn't have sufficient evidence isn't a basis for habeas relief.

Mr. Husband argues that he is entitled to habeas relief because he didn't receive statements from the correctional officers who escorted him back to his cell. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id. At screening, Mr. Husband requested a statement from the correctional officer who escorted him back to his cell. In response, correctional staff provided him with the written statement of Officer Schultz, who witnessed the threatening behavior and the response of correctional staff. According to an affidavit, the hearing officer understood Officer Schultz to be

the escorting officer referenced by Mr. Husband. Mr. Husband doesn't deny that Officer Schultz was the escorting officer, so it's unclear why Mr. Husband believes that the response to this request for a witness statement was inadequate. This claim is not a basis for habeas relief.

Mr. Husband argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by denying him his right to confront his accusers. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. Id. There is no right to cross-examine or confront one's accusers in the context of prison disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 567–568 (1974). Further, though the hearing officer denied Mr. Husband's request to cross-examine witnesses and found Mr. Husband guilty, adverse rulings alone are insufficient to demonstrate improper bias. Thomas v. Reese, 787 F.3d 845, 849 (7th Cir. 2015). As a result, Mr. Husband's claim of improper bias is not a basis for habeas relief.

Mr. Husband also argues that he is entitled to habeas relief because correctional staff didn't follow departmental policy with respect to his disciplinary proceedings. A failure to follow departmental policy doesn't rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law

3

violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Mr. Husband hasn't demonstrated that he is entitled to habeas relief, so the habeas petition is denied. Mr. Husband doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jamaal Husband leave to proceed in forma pauperis on appeal.

SO ORDERED on May 25, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT